MENÉNDEZ, PLAINTIFF AND APPELLANT, *v.* COBB ET AL., DEFENDANTS AND APPELLEES.

## Appeal from the District Court of Humacao in an Action of Ejectment.

### No. 2110.—Decided July 22, 1920.

EJECTMENT—THIRD PERSON.—It not appearing from the record of the property sought to be recovered that when the plaintiff's ancestor acquired it he was married, the fact that the record of a mortgage created in the year following the acquisition shows that the ancestor was married is not sufficient notice to third persons that he was married at the time of acquisition. The present possessor and his predecessor purchased the property from a person who, according to the registry, had capacity to sell it, and if, on account of, failure to join as a defendant the succession of the wife of the first purchaser, the purchase at public auction by the predecessor of the present owner is null and void, as such nullity does not clearly appear from the registry it cannot affect the present owner, who is a third person.

ID.—ID.—SUMMONS.—For the mere reason that the record of a forced sale does not show that the defendant owner of the property was duly summoned it can not be held that the third person knew that he was not summoned, for

he may have been summoned although the record does not show it. Article 34 of the Mortgage Law categorically provides that the causes of nullity shall clearly appear from the registry; therefore the facts from which the nullity results must appear from the registry clearly and affirmatively.

ID.—RECORD OF TITLE—CIVIL STATUS—CURABLE DEFECT.—The civil status of the vendor or vendee is not among the requisites which, according to article 9 of the Mortgage Law, every record must contain; therefore the omission of that fact in the document does not prevent its record, for it is only a curable defect.

ID.—ID.—LEVY.—The fact that the property sold at public auction had not been previously levied on does not produce the nullity of the sale. The entry of a levy in the registry is not a legal obligation, but a right that creditors may exercise at will.

The facts are stated in the opinion.

*Messrs. F. Vázquez* and *N. Silva Mercado* for the appellant.

*Messrs. L. Muñoz Morales* and *M. A. Muñoz* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

Rafael Inocencio Menéndez Ramos brought this action of ejectment in his own right and as the assignee of the hereditary rights of his sister, Juana María del Carmen Mercedes Ramos, they being the only children of Carmen Ramos y Ramos, who was the sole heir of Laureana Ramos, the late wife of Francisco Regis Ramos Acosta. It is alleged that during the wedlock of his grandmother, Laureana Ramos, with Francisco Regis Ramos Acosta the latter acquired for the conjugal partnership a certain described property which, after the death of his grandmother, was purchased by Rafael Ramos at an execution sale in an action brought by him against Ramos Acosta and in which the heir of his grandmother was not summoned, and that the property was sold by Rafael Ramos to defendants John B. Cobb and wife. He also alleged that there were certain defects in the proceeding which rendered it null and void.

The lower court dismissed the complaint and Menéndez appealed from its judgment.

As Cobb and his wife alleged, among other things, that

they were innocent third persons, we shall first examine the
records of the property in the registry.

The first record of the property in question was entered
in the Registry of Property of Caguas on December 22, 1883,
in the name of Francisco Regis Ramos Acosta by virtue of
a possessory title proceeding which was approved in October
of the same year and in which it was shown that he acquired
a part of the property by inheritance and a part by pur-
chase. That record does not give the civil status of the per-
son in whose name it was made, but only states that he was
a resident and property owner of Caguas.

The second record was made on April 30, 1884, in the
name of Agustín Puigmoler by virtue of a mortgage created
in his favor by Francisco Regis Ramos Acosta in a public
deed of the 8th of the same month and year, from which it
appears that the mortgagor was married.

A cautionary notice marked "A" was made in 1891 of
an attachment in a prosecution against Regis Ramos for
slander to secure the sum of 3,000 *pesetas,* the amount of
the bond which he was required to give.

The third record is as follows:

"Record No. 3.—Folio 233.—Volume 4.—Rural property whose
description appears from the preceding first record and notice letter
A, to which I refer, it agreeing with that contained in the docu-
ment now presented. This property is affected by a mortgage in
favor of Agustín Puigmoler for the sum of one thousand dollars,
as appears from the next preceding record, and by an attachment
for the sum of three thousand *pesetas,* the amount of the bond re-
quired to be given by defendant Francisco Regis Ramos in a prose-
cution for slander, as appears from the preceding notice marked
A. Francisco Regis Ramos acquired this property by purchase from
Calixto Ramos, Pedro Juan Almedina, Isaac Quiñones and María
Antonia Ramos, as appears from the said first record. An attach-
ment having been levied on this property in a certain action brought
by Rafael Ramos Acosta against Francisco Regis Ramos to recover
the sum of three thousand dollars with interest at the rate of one
per cent monthly from the eighteenth of January, 1898, until the

payment of the said sum and the costs, regarding which attachment nothing appears in this registry, in execution of a judgment entered on March 14, last, by the District Court of Humacao against Francisco Regis Ramos, a writ of execution was issued on April 19, last, by Hon. Charles E. Foote, judge of said court, by virtue of which the marshal of that court, Augusto Ortiz y Lebrón, advertised the sale of this property at public auction, and, there being no other bidders, it was sold to Rafael Ramos Acosta on May 21, last, for the sum of six thousand and eight dollars, which was not paid in cash because it had to be credited on the principal debt and the interest and costs. By virtue of the said writ Augusto Ortiz y Lebrón, twenty-eight years old, married and a resident of Humacao, as marshal of the said court, sells this property in the name and representation of Francisco Regis Ramos to Rafael Ramos Acosta, sixty-eight years old, property owner, married to Julia Santana Jiménez and a resident of this city, for the sum of six thousand and eight dollars. Rafael Ramos Acosta records in his name this property which he acquired by purchase and without special conditions. All of the foregoing appears from the deed executed in Humacao on May 21, last, before notary Antonio de Aldrey y Montolío, the first copy of which was presented in this registry at eight o'clock a. m. of the fifth instant, according to entry one hundred and fifty-eight, folio fifty-five, volume ten of the journal. And all that has been stated being in conformity with the said document, I sign this in Caguas this eighth day of June, nineteen hundred and six.— (Signed) S. Abella Bastón.''

The fourth record is in the name of J. B. Cobb as purchaser of the property from Rafael Ramos Acosta for the sum of $5,962.50, of which he retained $600 for the bond which encumbers the property. On the margin of this record there is an entry made in the year 1907, according to which the amount of the said bond was paid to Ricardo Menéndez Monsegur and Rafael Arce Rollet, $400 to the former and $200 to the latter, as had been stipulated in the deed of purchase and sale from Ramos to Cobb.

As we have seen from the registry, in the first record in the name of Francisco Regis Ramos it is not stated that he was married when he brought the possessory title pro-

ceeding; therefore that record does not show that the property was community property. It is true that when the mortgage was recorded in favor of Puigmoler in April, 1884, it was stated that Regis Ramos was married, but this does not show to third persons that he was also married in 1883 when he brought the possessory title proceeding, or that he acquired the property while married, for he might have married after October, 1883, and that would not have made community property of the properties previously recorded in his name; therefore we can not hold that when Rafael Ramos, and afterwards Cobb, purchased the property it appeared clearly from the registry that the property had been acquired by Francisco Regis Ramos Acosta during wedlock and that, consequently, it belonged to the conjugal partnership. Ramos and Cobb purchased the property from a person who, according to the registry, had the capacity to sell it, and if, on account of the failure to join as a defendant the heir of the wife of Regis Ramos, the purchase at public auction by Ramos Acosta is null and void, as that fact does not clearly appear from the registry it can not affect the present owner, Cobb, in accordance with article 34 of the Mortgage Law, the case of *Romeu* v. *Todd*, 206 U. S. 358, and our jurisprudence in *Sánchez* v. *Hartzell et al.*, 26 P. R. R. 620; *People* v. *Riera*, 27 P. R. R. 1, and *Ayllón et al.* v. *González et al.*, ante, page 61, according to which third persons must only examine the records of the registry of property and are only prejudiced by such defects as appear clearly from the registry itself.

We have transcribed literally the third record referring to the purchase of the property by Ramos at a forced sale, because the appellant maintains in his brief that that record shows clearly the defects which render the purchase null and void and that for the said reason and as that record is the one on which the Cobbs relied as a basis and guide for their purchase, it can not be held that they are third persons

and that they acquired in good faith and with just title. In support of this the appellant maintains that it clearly appears from that record that the District Court of Humacao did not acquire jurisdiction over the person of Francisco Regis Ramos in the action which resulted in the sale of the property, because it was not stated therein that he was duly and lawfully summoned, citing the cases of *Machuca, Sons & Co.* v. *Registrar of Guayama,* 22 P. R. R. 701; *Carbonell* v. *Registrar of Property,* 16 P. R. R. 416; *Orcasitas* v. *Registrar of Property,* 21 P. R. R. 523, and *Crehore* v. *Registrar of Guayama,* 22 P. R. R. 597. In these cases the respective registrars refused to record the several forced sales, or recorded them with curable defects, because it had not been proved to them that the courts had acquired jurisdiction over the several defendants, the owners of the properties sold. As will be seen, these cases have no relevance to the question at issue, that is, whether it clearly appears from the registry that the court which ordered the sale had no jurisdiction over the person of the defendant, because they all refer to cases where the registrar was of the opinion that the jurisdiction of the court was not shown. The present case is different, for the registrar recorded the sale and as the record does not set out any fact showing the lack of jurisdiction of the court, it can not be held that Cobb had knowledge thereof from the registry. The mere fact that it was not stated in the record that the defendant was duly summoned does not prove that the third person knew that he was not summoned, for he may have been summoned although the record does not show it. Article 34 of the Mortgage Law categorically requires that the fatal defects shall clearly appear from the registry itself; therefore the facts which produce such defects must appear clearly and affirmatively in the registry.

The appellant also contends that the registry clearly discloses another fatal defect in that as it appears from the second record, that of the mortgage, that Francisco Regis

Ramos was married, while his civil status was omitted from the third record, the registrar could not recognize his capacity to sell the property and should have denied the record in accordance with the case of *Rivera* v. *The Registrar,* 17 P. R. R. 307. The question here is not whether the registrar should have refused to record the sale made to Ramos, for, the record having been made, the only question is whether the registry clearly showed Cobb that Francisco Regis Ramos could not sell the property without the consent of his wife because he was married when he acquired it and therefore it was community property.

Inasmuch as the first record in the registry does not show that Francisco Regis Ramos was married when he acquired the property, or, therefore, that it was community property, we do not conclude that because a later record showed that he was married at the time of the execution of the document therein recorded a third person must infer that he was also married when he brought the possessory title proceeding which gave rise to the first record and that the property had become community property. What the registry showed third persons was that the marriage was not mentioned and therefore that he could sell the property without the consent of the wife who was mentioned thereafter in the second record. Besides, the civil status of the grantor or grantee is not among the requisites which, according to article 9 of the Mortgage Law, every record must contain so that the lack of it may void the record under article 30 of the same law, and the omission of such status in the document does not prevent its record, for it is only a curable defect. *Cabrera* v. *Registrar of Property,* 11 P. R. R. 262, and *De la Cruz* v. *Registrar of Ponce,* 24 P. R. R. 637.

The other defect which the appellant alleges was known to Cobb from the registry is that the property was not levied on before it was sold, which he considers indispensable in order that the forced sale could be made. ·

Section 5 of the Act of March 9, 1905, relating to judgments and the manner of satisfying them, cited by the appellant as the only ground of his contention, does not justify his allegation, for it does not exact that a property be levied on as a condition precedent to its sale in satisfaction of a judgment, but only establishes the manner in which levies shall be made. The recording of a levy in the registry of property is not a legal obligation, but a right given by law to creditors as a protection against third persons.

In addition to the foregoing the appellant maintains that Cobb is not a third person because he had knowledge of other facts which do not appear from the registry, for in answering the complaint he admitted its third allegation, that Francisco Regis Ramos was married before 1873, as well as its fourth allegation, that while married he brought the possessory title proceeding as owner of the property described without alleging how the property was acquired.

The admission by Cobb of the truthfulness of these facts only shows that he knew when he answered the complaint that Francisco Regis Ramos was married on the said date, but not that he had knowledge of that fact when he purchased the property. Nor does it show that he knew then or knows now that it was community property, for as the allegation does not mention the title of acquisition, the property could have been his separate property although the proceeding was brought while he was married.

For the foregoing reasons and inasmuch as the action is to recover the property because of defects which do not appear from the registry and therefore can not affect the present owner, Cobb, it is unnecessary for us to decide whether such defects exist, and the judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.